NATHANIEL FISHMAN, Appellant, v. TILLIE E. WAGENHEIM, Respondent.

First Department, November 3, 1933.

*Louis S. Posner* of counsel [*Harold S. Lynton* with him on the brief; *S. Philip Cohen*, attorney], for the appellant.

*Joseph S. Catalano* of counsel [*James M. Lown* with him on the brief; *Cabell, Ignatius & Lown*, attorneys], for the respondent.

TOWNLEY, J. Plaintiff is an attorney at law and bases his complaint on two alleged slanders which injured him in his profession and reputation as an attorney and counselor at law and as executor.

On January 15, 1925, Jacob Wagenheim died and plaintiff and defendant duly qualified as coexecutors. Defendant was represented as executrix by an attorney named Searle. Plaintiff alleges that at a meeting on December 6, 1932, the following occurred:

"John W. Searle * * * maliciously spoke concerning the plaintiff the false and defamatory words, following:

" ' Neither I nor Mrs. Wagenheim will trust the books of account of the Estate with Nathaniel Fishman.'

" Walter H. Gilpatric, Esq., present as attorney for Mr. Fishman, thereupon stated as follows:

" ' Mr. Fishman is one of the Executors of the Estate and you, Mr. Searle, say you will not trust him, neither will Mrs. Wagenheim trust him with the books of account of the Estate? Will you give me your reason? '

" Mr. Searle stated as follows:

" ' We will not trust Mr. Fishman (meaning plaintiff) with the books of account, because he will not return them once he gets them in his possession.'

" Mr. Gilpatric thereupon stated:

" ' Is that your only reason why you will not deliver the books of account to him? '

" Mr. Searle stated:

" ' No, he (meaning plaintiff) is liable to forge the books of account of the Estate or do anything.'

" Mr. Gilpatric then stated:

" ' You dare not repeat that.'

" Mr. Searle answered:

" ' Yes I do repeat it, and I'll put it in writing too.'

" Mr. Gilpatric then said to Mrs. Wagenheim (meaning defendant) in the presence of Mr. Searle:

" ' Why do you sit there with that sanctimonious expression and say nothing to that statement of Mr. Searle? '

" Mrs. Wagenheim (defendant herein) thereupon stated:

" ' I have faith and confidence in Mr. Searle and I agree with his statement.' "

The second cause of action sets forth the following slander: " That on or about February 9th, 1932, at the Hotel Thayer in Amsterdam, New York, the defendant in the presence and hearing of plaintiff and divers persons falsely and maliciously spoke concerning the plaintiff, the following words defamatory to his occupation and character as an attorney and counsellor-at-law:

" ' You (meaning this plaintiff) must be afraid of Dr. Hollander; you (meaning this plaintiff) must have done something illegal and dishonest, otherwise you would not pay him Fifteen Thousand ($15,000) Dollars. Instead, you would go into bankruptcy.' "

The words either spoken by or approved by the defendant were defamatory to plaintiff in his occupation both as an attorney at law and as executor. As was said by INGRAHAM, J., in *Fowles* v. *Bowen* (30 N. Y. 20): "Any charge of dishonesty against an individual in connection with his business, whereby his character in such business may be injuriously affected, is actionable."

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to answer within twenty days from service of order, upon payment of said costs.

FINCH, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to answer within twenty days from service of order upon payment of said costs.